IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-10-31-GF-DLC-RKS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| SHAWN LEE DENNY, | |
| Defendant. | |

## I. Synopsis

Ms. Denny was accused of violating her conditions of supervised release by failing to report for drug testing, failing to notify her probation officer prior to a change of residence, and failing to fulfill her employment requirements. She admitted to the violations. Ms. Denny should be incarcerated for 9 months, with no supervised release to follow.

## II. Status

Ms. Denny pled guilty in 2010 to Burglary. CD 37. She was sentenced to

22 months imprisonment, with three years supervised release to follow. CD 38. Ms. Denny had her supervised release revoked in June 2012 for failure to report to her probation officer and failing to notify her probation officer before changing addresses. CD 49. She was ordered to spend 6 months in prison, to be followed by 30 months supervised release. CD 49. Ms. Denny began her current term of supervised release on December 6, 2012. CD 52. On June 19, 2013, the United States Probation Office filed a "Report on Offender Under Supervision." CD 51. The report alleged that Ms. Denny violated her supervised release conditions by consuming alcohol and methamphetamine. However, the report recommended giving Ms. Denny another chance by continuing supervision, and Ms. Denny's release was not revoked at that time. CD 51.

**Petition**

The United States Probation Office filed a petition on August 13, 2013, asking the court to revoke Ms. Denny's supervised release. CD 46. The petition alleged that Ms. Denny violated three conditions of her supervised release. It alleged she 1) violated Special Condition #1 by failing to report for drug testing on July 25, August 7, and August 9, 2013; 2) violated Standard Condition #6 by failing to notify her probation officer prior to changing her address, which her probation officer discovered when he conducted a home visit on July 29, 2013; and

3) violated Standard Condition #5 by losing her job for failure to report as scheduled, and neglecting to inform her probation officer of her termination. CD 52. Based on the petition, the undersigned issued a warrant for Ms. Denny's arrest. CD 53.

**Initial appearance**

Ms. Denny was arrested on August 13, 2013. She made an initial appearance before the undersigned on August 15. She was accompanied by Federal Defender Evangelo Arvanetes, who was appointed to represent her. Assistant United States Attorney Laura Weiss represented the United States. Ms. Denny said she had read and understood the petition. Ms. Wiess stated that Ms. Denny could be imprisoned for up to 24 months if her supervised release is revoked. Mr. Arvanetes agreed. Ms. Denny waived her right to a preliminary hearing, and said she would like to proceed immediately to a revocation hearing.

The undersigned described the Findings and Recommendations procedure, explaining that the undersigned would recommend a disposition to United States District Judge Dana L. Christensen, and Judge Christensen would decide whether to revoke her supervised release and, if so, what sanction to impose. Ms. Denny was informed of her right to object to the recommendation, and to request another hearing from Judge Christensen. The revocation hearing commenced. CD 55.

**Revocation hearing**

Ms. Denny appeared at the revocation hearing with her attorney, Mr. Arvanetes. Ms. Weiss represented the United States. Ms. Denny admitted to violating her conditions of supervised release, as set forth in the petition, but not to an alleged state law violation described in an explanatory section of the petition. The undersigned informed the parties that the alleged crime would not be factored into the recommendation.

The undersigned believes Ms. Denny's admissions are sufficient to establish supervised release violations, and that the violations justify revocation of her supervised release. Ms. Denny's violation Grade is C, his criminal history category is I, and his underlying offense is a Class C felony. Under those circumstances, she could be ordered to serve up to 24 months in prison. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. Ms. Denny could also be ordered to spend up to 30 months on supervised release, less any custodial time imposed. Ms. Weiss and Mr. Arvanetes agreed with those calculations.

Mr. Arvanetes requested a sanction consisting of limited custodial time, to be followed by supervised release with a condition that Ms. Denny reside in a pre-release center. Mr. Avanetes explained that Ms. Denny wanted to establish a better

life for herself in Great Falls, and had attempted to do so. Her effort was unsuccessful in part because of financial struggles that caused her to lose her apartment and her transportation to work. Mr. Arvanetes said residing in a pre-release center could help Ms. Denny establish a foundation on which to build in her next attempt. Mr. Arvanetes acknowledged that Ms. Denny previously resided in the Great Falls Transition Center after her last release from prison, but said the duration was too short to prepare Ms. Denny for life in the community.

Ms. Denny addressed the court. She said she needs more help, and that she hasn't learned to provide for herself . She said she needs continued supervised release so she doesn't return to a lifestyle that she is trying to transcend.

Ms. Weiss requested a sanction of 9 months in custody, with no additional supervised release. Ms. Weiss argued that a custodial term at the high end of the guideline range is appropriate because Ms. Denny has a previous revocation, and has continued to violate her supervised release conditions despite many warnings and second chances. Ms. Weiss said she does not believe additional supervised release would be helpful in Ms. Denny's case.

### III. Analysis

Ms. Denny's supervised release should be revoked. She admitted to violating three conditions, including a condition she has violated before and

another meant to prevent drug use.

She should be committed to the Bureau of Prisons for 9 months, with no supervised release to follow. As the government argued, a sanction at the high end of the guideline range is warranted, as Ms. Denny breached the court's trust by violating several conditions, even after a formal warning for alleged non-compliance.

No additional supervised release should be imposed. Ms. Denny's repeated violations, even with basic notification requirements, make it obvious she is unwilling to comply with conditions or cooperate with supervising officers. Ms. Denny's breaches of trust and lack of effort make supervision ineffective. Her request for continued supervision is not credible in light of her continued refusal to cooperate. Supervision of Ms. Denny is not necessary to protect the community. Ms. Denny's violations do not appear to directly endanger others. Ms. Denny's underlying offense and substance abuse history do cause some concern, but on balance supervision is not a good use of government resources.

## IV. Conclusion

At the conclusion of the revocation hearing, the undersigned took the parties' arguments under advisement. Ms. Denny was informed that this written recommendation would be forthcoming. She was reminded that Judge Christensen

decide whether to revoke her supervised release, and that she has a right to object to this recommendation before he makes a final decision. Ms. Denny has 14 days from the issuance of this recommendation to object.

The court FINDS:

1. Ms. Denny violated Special Condition #1 by failing to cooperate with drug testing on July 25, August 7, and August 9, 2013.

2. Ms. Denny violated Standard Condition #6 by failing to report a change of residence to her probation officer in July 2013.

3. Ms. Denny violated Standard Condition #5 by failing to maintain employment or notify her probation officer of her termination in August 2013.

The court RECOMMENDS:

1. The District Court should enter the attached Judgment, revoking Ms. Denny's supervised release and committing her to the custody of the United States Bureau of Prisons for 9 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may lose the chance to appear and allocute before a district judge.

Dated the 19th day of August, 2013.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge